**LUDTKE v. HOUSTON LUMBER & BUILD-
ING CO.  (No. 1658.)**

Court of Civil Appeals of Texas.  Beaumont.
Feb. 24, 1928.

Rehearing Denied March 21, 1928.

1. **Appeal and error ⬤⟿767(1)—Failure to file
briefs in trial court, filing briefs on appeal
without index, and containing single spaced
typewriting, did not alone justify striking
briefs (Courts of Civil Appeals rules 37, 35,
34).**

Failure to file briefs in trial court and viola-
tion of Rules for Courts of Civil Appeals, rules
37, 35, 34, relative to filing them in Court of
Civil Appeals on account of their alleged il-
legible character, absence of index, and single
spacing of some typewritten pages, does not
of itself justify striking out briefs, if they
were filed in time to leave appellee reasonably
sufficient time to file reply brief.

2. **Appeal and error ⬤⟿767(1)—Failure of ap-
pellant to present appellee with copy of brief
until 12 days before submission date held to
require striking brief (Rev. St. 1925, art.
2283).**

Where case was pending in appellate court
from month of August, failure of appellant to
present copy of brief to appellee until a date
in January, 12 days before date set for sub-
mission, *held* to require striking of appellant's
briefs under Rev. St. 1925, art. 2283, on ground
that insufficient time was given appellee to re-
ply.

3. **Appeal and error ⬤⟿755—Assignments of
error in instructing verdict and excluding tes-
timony held not to present fundamental error.**

Assignments of trial court's error in in-
structing verdict and in excluding certain tes-
timony do not present error apparent on face
of record, and therefore cannot be considered
as fundamental error, where briefs have been
stricken.

4. **Vendor and purchaser ⬤⟿239(9)—Deed, pur-
porting to have been given between coten-
ants under partition agreement, held binding
on grantor and her privies as to subvendee
taking without notice.**

Deed, which on its face purported to have
been executed in pursuance of partition among
cotenants, and which recited partition agree-
ment as consideration, *held* valid and binding on
grantor and her privies as to subvendee pur-
chasing property without notice of alleged want
of consideration or mistake on part of grantor
which would vitiate deed, on account of gran-
tee's want of interest in land partitioned.

5. **Estoppel ⬤⟿27(1)—Grantor in partition
deed and her privies held estopped by recitals
of partition and grantee's cotenancy to dis-
pute subvendee's title.**

Recitals in partition deed, recognizing gran-
tee as owner of undivided interest in land in
question, and reciting that respective owners
had agreed to partition property, *held* to es-
top grantee and her privies from disputing deed
as to subvendee without notice.

Appeal from District Court, Harris Coun-
ty; Ewing Boyd, Judge.

Suit by W. F. Ludtke against the Hous-
ton Lumber & Building Company, in which
Frank B. Browne and others were implead-
ed, and defendant first named filed a cross-
action. From a judgment for defendant
first named, plaintiff appeals. Affirmed.

J. R. Hill and P. Harvey, both of Houston,
for appellant.

Harry Holmes and Harry W. Freeman,
both of Houston, for appellee.

O'QUINN, J.  Appellant was plaintiff in
the court below, and sued appellee in tres-
pass to try title to two acres of land situ-
ated on the north side of Buffalo bayou in
the city of Houston, being a part of the Har-
ris and Wilson two-league grant in Harris
county.

The defendant, appellant, answered by gen-
eral demurrer, general denial, and plea of not
guilty. It also impleaded its warrantors,
Frank B. Browne, Hugh Bridges, and J. S.
Walker, and by cross-action sued plaintiff in
trespass to try title for the land described
in plaintiff's petition.

The impleaded defendants answered by gen-
eral demurrer and general denial.

At the close of the evidence the court in-
structed the jury to return a verdict for de-
fendant, which was done, and judgment duly
entered. Motion for a new trial was over-
ruled, and Ludtke has appealed. All other
parties were dismissed from the suit.

Appellee objects to our considering appel-
lant's brief, and has filed a motion to strike
same on the grounds:  (a) That appellant has
failed to file briefs in the trial court and in
this court within the time and in the man-
ner prescribed by law and the rules for ap-
peals;  (b) that, although the transcript and
statement of facts herein were filed in the
Court of Civil Appeals for the First supreme
judicial district at Galveston on August 24,
1927, no briefs were filed by appellant in the
district court nor in the Court of Civil Ap-
peals, but that, on January 23, 1928, appel-
lant submitted to the attorney for appellee a
carbon copy of a typewritten brief, said copy
being so poorly and badly written as to make
it practically illegible, in violation of appel-
late rule 37;  (c) that said brief consisted
of 52 pages, and did not have on its fly
leaves any index pointing to any of the mat-
ters named in rule 35 for Courts of Civil Ap-
peals, nor did it contain any list of cases
cited, as required by said rule;  (d) that said
brief contained many pages typewritten in
single space, in violation of rule 34;  (e)
that, the cause having been set for submis-
sion in the Court of Civil Appeals on Feb-
ruary 6, 1928, appellee's attorney did not
have time to properly prepare a reply to said

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

brief, as contemplated by article 2283, Revised Civil Statutes.

Appellant has filed a sworn answer to the motion to strike out his brief, and says that, on January 23, 1928, his counsel delivered a copy of his brief, together with the transcript and statement of facts, to counsel for appellee; that that was fourteen days before the date for submission; that at said time he requested counsel for appellee to waive the filing of briefs in the trial court, but counsel for appellee would not agree to such waiver, and objected to the copy of the brief furnished him as being hard to read, and that thereupon they furnished him with another copy "as good as either of the copies filed" in the appellate court; that January 30, 1928, after the brief, transcript, and statement of facts were delivered to counsel for appellee, he returned all of same to counsel for appellant, saying that he did not have time to prepare his reply brief; that, at said time counsel for appellant suggested to counsel for appellee that, if he considered the time too short for the preparation of his brief, they file a joint motion for a reasonable postponement of the submission of the case, to which suggestion counsel for appellee would not agree. In their answer to the motion to strike the brief, counsel for appellant say:

"Counsel for appellant prepared their brief in this case just as early as they could do so, and give necessary attention to their other business. They had a heavy docket to dispose of, both in the trial courts and in the appellate courts during the fall of the past year, and a number of briefs to write in other cases on appeal .which were older than the case at bar; that they have done their best to brief the case so as to clearly and succinctly present to this court and to opposing counsel their contentions in the case."

They further answered that:

"After a number of years' experience in active practice in both trial and appellate courts, counsel for appellant have found it impracticable to file copies of briefs in the trial courts, as provided by article 2283, and that it was the custom of attorneys of the Harris county bar not to raise any question as to the filing of briefs in the trial court except in rare instances."

They further answered that they had prepared an index to their brief as required by the rules. They also suggest that the errors complained of in their brief are fundamental, and should be considered as such.

[1, 2] The transcript and statement of facts were filed in the Court of Civil Appeals at Galveston on August 24, 1927. When the Supreme Court equalized the dockets of the several Courts of Civil Appeals December 15, 1927, this case, with others, was transferred to this, the Beaumont, Court of Civil Appeals. This court, on January 12, 1928, set the case for submission on February 6, 1928.

At that date no briefs for appellant had been filed. They were filed January 26, 1928. It appears that on January 23, 1928, appellant's counsel furnished counsel for appellee with a carbon copy of their brief, which, omitting the day delivered and the day of submission, left twelve days in which to prepare and file a reply brief. The objections to the appellant's brief have been set out above in stating the grounds alleged for striking out same. It was admittedly deficient in not having any index. The brief contains fourteen propositions, based upon two assignments of error, and consists of 52 typewritten pages on long or legal length paper. Many pages are single spaced, in violation of rule 34, and we think the criticism as to its physical condition is not without reason. While the briefs were not filed in the trial court nor in this court in · compliance with the statutes and rules regulating the filing of briefs, yet, under the decisions, this would not justify striking out the briefs if they were filed in such time as to allow appellee a reasonably sufficient time in which to prepare and file his reply brief. We do not believe that under the circumstances we can say that such was done. Counsel for appellant say that they could not sooner prepare their brief and give "necessary attention to their other business." It is but fair to say that counsel for appellee was also required to give time to other matters at the time that appellant's brief was presented to him with but twelve days remaining before submission, for he says so, and he told counsel for appellant that he would not have time to prepare a reply brief. The case had been pending in the appellate court from August 24, 1927, and appellee was entitled to have his case submitted, and was not required to undergo further delay in the determination of his rights, because of the tardiness of his adversary in getting ready for submission. We think the motion to strike out appellant's brief should be sustained, and the brief is stricken accordingly.

[3] Appellant says that his assignments present fundamental error, and therefore should be considered. One of the assignments complains that the court erred in instructing a verdict for defendant, and the other that the court erred in excluding certain testimony. Neither of these assignments present error apparent upon the face of the record, and therefore cannot be considered as fundamental error. Therefore, as no error apparent upon the face of the record appears, the judgment is affirmed.

·However, if the assignments could be considered, we do not think error is shown. This suit was in trespass to try title to a certain two acres of land. This land was a part of a two-league grant by the state of Coahuila to Wm. P. Harris and Robert Wilson June 13, 1832. Both plaintiff and defendant introduced their chains of title, showing title

from the sovereignty into the respective parties. Appellant claims under a deed from Mrs. Mary Evans Phillips, who held under the chain of the Harris title. Appellee claims under the Wilson chain of title. In the chain of title of appellee was a partition deed executed by Mrs. Mary Evans Phillips and Harvey T. D. Wilson and Harry Holmes, as follows:

"State of Texas, County of Harris:

"Whereas Mrs. Mary Evans Phillips and the undersigned Harry Holmes are the owners of undivided moieties' in that certain 4-acre tract conveyed to Mrs. Mary Evans Phillips by Mrs. Tillie Leiberman and J. Leiberman by deed dated June 17, 1898, recorded in volume 107, p. 161, of the Deed Records of Harris county, Texas, said 4-acre tract being off the south end of a 10-acre tract which is off the south end of a fifty-acre tract conveyed by T. J. Hailey to Jacob Freund by deed recorded in volume 10, p. 218, of the Deed Records of Harris county, Texas, said tract being out of lot 7 in the second tier of the subdivision of the Harris and Wilson two league grant on the north side of Buffalo bayou in Harris County, Tex.; and

"Whereas the said respective owners have agreed upon a partition and division of said 4-acre tract so that the respective interest of said Mrs. Mary Evans Phillips and of said Harry Holmes shall be hereinafter held and owned in severalty, the said Mary Evans Phillips and the said Harry Holmes each acting for themselves; and

"Whereas the interest in said premises owned by the said Harry Holmes now stand of record in the name of Harvey T. D. Wilson, and the said Wilson joins herein by way of assent and agreement to the partition herein named, and by way of recognition and ratification of the transfer of his interest in said premises heretofore made to Harry Holmes:

"Now, therefore, know all men by these presents that Mrs. Mary Evans Phillips, a widow of the county of Dallas and state of Texas, in consideration of the premises and for the purpose of partition as aforesaid, does hereby grant, sell, and convey unto Harry Holmes of the county of Harris and state of Texas, all her right, title, and interest in and to 2 acres of land off the north end of that certain 4-acre tract above described, said 2 acres being described by metes and bounds as follows, to wit:

"Beginning at the S. W. corner of that certain 6-acre tract conveyed by Mrs. Mary Evans Phillips to Mrs. Tillie Leiberman by deed dated June 17, 1898, recorded in volume 107, p. 162, of the Deed Records of Harris county, Tex., said point being the N. W. corner of the 4-acre tract herein partitioned; thence south 65⅓ vrs. to a point midway between the N. W. and S. W. corners of said 4-acre tract; thence east parallel with the north and south lines of said 4-acre tract 176 vrs. to the east line of said 4-acre tract; thence north along the east line of said 4-acre tract 65⅓ vrs. to the N. E. corner thereof; thence west along the north line of said 4-acre tract 176 vrs. to the place of beginning, containing 2 acres of land.

"To have and to hold the above described premises unto said Harry Holmes, his heirs and assigns forever.

"And we, the said Harry Holmes and Harvey T. D. Wilson, in consideration of the premises and for the purpose of partition as aforesaid, have granted, sold and conveyed, and by these presents do grant, sell and convey, unto the said Mrs. Mary Evans Phillips all of our right, title and interest in and to 2 acres of land off the south end of said 4-acre tract, said 2 acres being described by metes and bounds as follows:

"Beginning at the southwest corner of said four acres tract; thence west 176 vrs. to the S. E. corner of said 4-acre tract; thence north along the east line of said 4-acre tract 65⅓ vrs. to the S. E. corner of 2 acres hereinbefore set aside to Harry Holmes; thence west along the south line of said Holmes 2 acres 176 vrs. to the west line of said 4-acre tract; thence south along the west line of said 4-acre tract 65⅓ vrs. to the place of beginning and containing 2 acres of land.

"To have and to hold the above-described premises unto the said Mrs. Mary Evans Phillips, her heirs and assigns forever.

"Witness our hands this the 17th, day of December A. D. 1920.

"[Signed]     Mary Evans Phillips.
              "Harvey T. D. Wilson.
              "Harry Holmes."

The said deed was duly acknowledged by all of said parties.

Appellant says that the principal issue in the case is the legal effect of this deed. He claimed it was void, and sought to introduce evidence to show that Harvey T. D. Wilson and Harry Holmes had no interest in the land partitioned, and hence that there was no consideration for the partition deed. The offered evidence was excluded, and its exclusion is the basis of appellant's second assignment of error.

[4, 5] We think the instructed verdict was proper. In our opinion, the deed was valid and is binding upon Mrs. Phillips and her privies. Moreover, appellee is a subvendee of Harvey T. D. Wilson and Harry Holmes under this deed, and the Wilson title generally, and there is nothing on the face of this deed calculated to put it upon inquiry as to the validity of same. If it were conceded that Mrs. Phillips made the partition deed under a mistake as to the extent of her legal rights in the land, would that vitiate the deed as to subsequent purchasers from the parties with whom she made the partition? This would depend upon whether the subsequent purchasers had notice of the fact that she made the division under such mistake, and would not have consented to it had she been aware of her legal rights. If they had such notice, it was derived from the deed by which the division was effected, and the facts of which this deed would put them upon inquiry. There is nothing apparent on the face of the deed calculated to raise inquiry upon this subject. The natural result of the partition transaction, as it appeared to one not acquainted with the facts surrounding it, was that the several co-owners of the land in controversy intended an amicable settlement of their interests in the land, and had accordingly executed the deed to effectu-

ate their desires for separate and several holdings. It is not contended that appellee had any notice of the mistaken rights of Mrs. Phillips, if such existed. The recitals in the partition deed recognizing Harvey T. D. Wilson and Harry Holmes as the owners of an undivided one-half interest in the land in question, and that the respective owners of the land had agreed to partition same, and the due execution of said deed for the purpose of carrying out their agreement to partition, estop appellant as a privy of Mrs. Phillips to said deed from disputing same as applied to appellee, a subvendee of the other partitioners without notice. Wardlow v. Miller, 69 Tex. 395, 400, 401, 6 S. W. 292; De La Vega v. League, 64 Tex. 205, 217; Corzine Heirs v. Williams, 85 Tex. 506, 22 S. W. 399; 30 Cyc. p. 165, sec. I.

The partition deed being in all things valid, and therefore binding upon appellant, the court did not err in excluding the evidence offered by appellant to impeach said deed.

The judgment is affirmed.